# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MENDOZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FRESNO, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01500-DAD-EPG<br><br>**SCREENING ORDER REQUIRING PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT;**<br><br>**OR**<br><br>**(2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff, Jennifer Mendoza, is proceeding *pro se* and *in forma pauperis* in this action brought pursuant to 28 U.S.C. § 1983. The Complaint, filed October 23, 2019, alleges claims against the City of Fresno, Adam Estrada, Matthew Clifton, Scott Payn, Kenda Navarro, and Sharon Takayama. (ECF No. 1.) The Court has screened the Complaint and has determined that Plaintiff has failed to state any cognizable claim.

////

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the claims brought by the plaintiff to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim on which relief may be granted, it must be dismissed. *Id.* Similarly, if the Court determines the complaint is frivolous or malicious, it must be dismissed. *Id.* An action is deemed to be frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

The Complaint alleges the following: On July 8, 2018, an acquaintance of Plaintiff lost items at Plaintiff's apartment. When the acquaintance could not locate those items, she called the police and said she had been assaulted by a female on drugs and that this female was in Plaintiff's apartment. The police came to Plaintiff's apartment with the apartment complex's manager, who had a key to Plaintiff's apartment. The manager opened the door and asked police to wait outside while she checked on Plaintiff. The manager made contact with Plaintiff in the living room. The manager and Plaintiff then proceeded to the front door. Officer Estrada was standing outside the front door and was making comments about how Plaintiff's apartment looked. Officer Estrada asked if they could come in and Plaintiff told him, "no," because her apartment was a mess. Officer Estrada entered into Plaintiff's home without her consent as Plaintiff did not give the officer permission to enter her apartment.

For relief, Plaintiff is seeking to have "the ruling of a lower court to be reversed"; "for evidence against me be dismissed which is the reason protective service took my children"; and for monetary damages for violation of her right to be free from unreasonable search and seizure. (ECF No. 1 at 5-6.)

## III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of her rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**IV.    DISCUSSION**

    **A.    <u>Claims Against City of Fresno</u>**

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Instead, a governmental entity may be held liable under § 1983 only where a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Id.* ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

4

To state a claim for governmental entity liability under § 1983, a plaintiff must allege facts demonstrating "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original).

Here, Plaintiff has not alleged any policy or custom of the City of Fresno that caused her injury. She has thus failed to state a § 1983 claim against the City of Fresno, and the City of Fresno is therefore subject to dismissal.

If Plaintiff chooses to file an amended complaint and is claiming that the City of Fresno has a policy or custom, she must include facts in her amended complaint showing that she was deprived of a constitutional right; that the City of Fresno has a policy; that this policy is deliberately indifferent to Plaintiff's constitutional rights; and that the policy is the reason or "moving force" behind the violation of Plaintiff's constitutional rights.

If Plaintiff is claiming that individual officers violated her constitutional rights, she must include in her amended complaint the name(s) of the officer(s), and exactly what actions they took to violate her constitutional rights. If Plaintiff does not know the names of the officer(s), she should name the unknown officer(s) as "Doe" Defendants, e.g., Doe Defendant 1, Doe Defendant 2, etc.

**B.** ***Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, a federal district court generally does not have authority to review state court decisions let alone reverse those decisions. The purpose of this doctrine "is to protect state judgments from collateral federal attack. Because [federal] district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction

whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16).

### 1. Plaintiff's Claim Seeking to Reverse Ruling of a State Court

Plaintiff is seeking to have this Court reverse a ruling of another court (ECF No. 1 at 5). Based on the allegations in the Complaint that Plaintiff's children were taken by protective services, the other court ruling Plaintiff seeks to have reversed is a state court decision. Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction (authority) to review and reverse the state court's decision. Accordingly, Plaintiff's claim seeking to reverse the state court decision cannot proceed in this federal court and must be dismissed. To the extent Plaintiff seeks to have the state court decision reviewed, she must do so by filing a timely appeal from that decision in a state appellate court.

### 2. Plaintiff's Claims against Defendants Estrada, Clifton, Payn, Navarro, and Takayama

Where a "federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker–Feldman* does not bar jurisdiction." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Here, in addition to seeking the have the state court judgment reversed, Plaintiff is also seeking monetary damages against Defendants Estrada, Clifton, Payn, Navarro, and Takayama for violation of Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure. The Fourth Amendment claim seeking monetary damages against these individual defendants is not challenging a legal injury caused by a state court judgment but is instead challenging the actions and alleged injury caused by these individual defendants. Accordingly, *Rooker-Feldman* does not preclude the exercise of jurisdiction over Plaintiff's Fourth Amendment claim against the individual defendants for money damages. *Noel*, 341 F.3d at 1163.

**C.** *Heck v. Humphrey*

Under the favorable termination rule laid out in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), to recover damages in a § 1983 action for an alleged constitutional violation that would

necessarily imply that a criminal conviction or sentence is invalid, a plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. If the criminal conviction or sentence has not been reversed, expunged, or otherwise invalidated, claims that would necessarily imply the invalidity of the criminal conviction or sentence must be brought in a petition for writ of habeas corpus rather than through a § 1983 case. *See id; Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

Here, Plaintiff alleges that officers searched her apartment in violation of her Fourth Amendment rights, and that this search led to the discovery of evidence that was used against her in another court and resulted in that court ruling against Plaintiff. (ECF No. 1 at 5.) She seeks "dismissal" of this evidence. (*Id.* at 6.) It is unclear what type of ruling was issued against Plaintiff, but the ruling apparently resulted in Plaintiff's children being removed from Plaintiff's custody.

If the evidence seized from Plaintiff's apartment was used in a criminal proceeding, Plaintiff's Fourth Amendment claim would, if successful, necessarily imply that any resulting conviction or sentence was invalid. As a result, Plaintiff's Fourth Amendment claim is barred *unless* Plaintiff can demonstrate that she was found not guilty, or that any criminal charges against her have been overturned or otherwise ended in her favor. *See Heck*, 512 U.S. at 486-87 (where success in § 1983 action would necessarily implicate the validity of plaintiff's conviction or the duration of her sentence, plaintiff must first achieve favorable termination of her underlying conviction or sentence).

On the other hand, if Plaintiff was not criminally charged and convicted in connection with the search and seizure of evidence seized from her apartment, it appears that the present action would not be barred by *Heck*'s favorable termination rule. *See Heck*, 512 U.S. at 487 (If the court "determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." (footnotes omitted)).

The Court will provide Plaintiff with an opportunity to amend her complaint to clarify the type of case in which the evidence seized from her apartment was used. If the evidence was used

in a criminal case, Plaintiff must include facts in her amended complaint explaining that any criminal conviction has been overturned, or that she was found not guilty, or that the criminal case otherwise ended in her favor. If the evidence was used in a non-criminal case, Plaintiff must include facts in her amended complaint explaining the type of non-criminal state court case that the evidence was used in.

## V. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim for the reasons set forth above. The Court notes that it is not determining the merits of Plaintiff's Fourth Amendment claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc) and must be complete without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, <u>each claim and the involvement of each defendant must be sufficiently alleged</u>. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff should also note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this lawsuit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Alternatively, instead of filing an amended complaint Plaintiff may choose to stand on her Complaint, in which case this Court will issue findings and recommendations to the assigned district judge, recommending that this case be dismissed without prejudice.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

a. File a First Amended Complaint; or

b. Notify the Court that she wishes to stand on the complaint, subject to this Court issuing findings and recommendations to the assigned district judge consistent with this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-01500-DAD-EPG; and

4. If Plaintiff fails, within thirty (30) days from the date of service of this order, to either (1) file an amended complaint or (2) notify the Court that she wishes to stand on her Complaint, the Court will issue findings and recommendations to the assigned district court judge recommending that Plaintiff's case be dismissed for failure to prosecute and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **February 10, 2020**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE