1
2
3
4
5
6
7

8                         **UNITED STATES DISTRICT COURT**

9                         **EASTERN DISTRICT OF CALIFORNIA**

10

11   JENNIFER MENDOZA,                    Case No. 1:19-cv-01500-DAD-EPG

12                   Plaintiff,           FINDINGS AND RECOMMENDATIONS,
                                          RECOMMENDING THAT THIS CASE BE
13         v.                             DISMISSED WITHOUT PREJUDICE FOR
                                          PLAINTIFF'S FAILURE TO STATE A
14   CITY OF FRESNO, *et al.*,            CLAIM, FAILURE TO COMPLY WITH THE
                                          COURT'S ORDER, AND FAILURE TO
15                   Defendants.          PROSECUTE

16                                        (ECF No. 8.)

17                                        OBJECTIONS, IF ANY, DUE WITHIN
18                                        TWENTY-ONE (21) DAYS

19

20         Plaintiff, Jennifer Mendoza, is proceeding *pro se* and *in forma pauperis* in this action

21   brought pursuant to 28 U.S.C. § 1983. The Complaint, filed October 23, 2019, alleges that the

22   City of Fresno, Adam Estrada, Matthew Clifton, Scott Payn, Kenda Navarro, and Sharon

23   Takayama violated Plaintiff's constitutional rights when Defendant Adam Estrada entered her

24   home without her consent. (ECF No. 1.)

25         On February 11, 2020, the Court screened the Complaint and found that it fails to state a

26   cognizable claim against Defendants. (ECF No. 8.) The Court gave Plaintiff thirty days from the

27   date of service of the screening order to file an amended complaint or to notify the Court that she

28   wishes to stand on the Complaint, subject to findings and recommendations to the district judge

                                          1

consistent with the screening order. (*Id.*) The Court also warned Plaintiff that failure to file an amended complaint or to notify the Court that she wishes to stand on the Complaint could result in the dismissal of this case. (*Id.* at 9.) The thirty-day period has expired, and Plaintiff has not filed an amended complaint or notified the Court that she wishes to stand on the Complaint.

For the reasons described below, the Court recommends that this action be dismissed, without prejudice, for Plaintiff's failure to state a claim upon which relief may be granted, failure to comply with a court order, and failure to prosecute.

Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of this order.

## I.   LEGAL STANDARDS

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the claims brought by the plaintiff to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim on which relief may be granted, it must be dismissed. *Id.* Similarly, if the Court determines the complaint is frivolous or malicious, it must be dismissed. *Id.* An action is deemed to be frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.      PLAINTIFF'S ALLEGATIONS

The Complaint alleges the following: On July 8, 2018, an acquaintance of Plaintiff lost items at Plaintiff's apartment. When the acquaintance could not locate those items, she called the police and said she had been assaulted by a female on drugs and that this female was in Plaintiff's apartment. The police came to Plaintiff's apartment with the apartment complex's manager, who had a key to Plaintiff's apartment. The manager opened the door and asked police to wait outside while she checked on Plaintiff. The manager made contact with Plaintiff in the living room. The manager and Plaintiff then proceeded to the front door. Officer Estrada was standing outside the front door and was making comments about how Plaintiff's apartment looked. Officer Estrada asked if they could come in and Plaintiff told him, "no," because her apartment was a mess. Officer Estrada entered into Plaintiff's home without her consent as Plaintiff did not give the officer permission to enter her apartment.

For relief, Plaintiff is seeking to have "the ruling of a lower court to be reversed"; "for evidence against me be dismissed which is the reason protective service took my children"; and for monetary damages for violation of her right to be free from unreasonable search and seizure. (ECF No. 1 at 5-6.)

## III.     SECTION 1983

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of her rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

IV.     **ANALYSIS OF PLAINTIFF'S CLAIMS**

    A.     <u>**Claims Against City of Fresno**</u>

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its

4

employees or agents." *Monell*, 436 U.S. at 694. Instead, a governmental entity may be held liable under § 1983 only where a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Id*. ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

To state a claim for governmental entity liability under § 1983, a plaintiff must allege facts demonstrating "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original).

Here, Plaintiff has not alleged any policy or custom of the City of Fresno that caused her injury. She has thus failed to state a § 1983 claim against the City of Fresno, and the City of Fresno is therefore subject to dismissal.

## B. *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, a federal district court generally does not have authority to review state court decisions let alone reverse those decisions. The purpose of this doctrine "is to protect state judgments from collateral federal attack. Because [federal] district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16).

### 1.   Plaintiff's Claim Seeking to Reverse Ruling of a State Court

Plaintiff is seeking to have this Court reverse a ruling of another court (ECF No. 1 at 5).

Based on the allegations in the Complaint that Plaintiff's children were taken by protective services, the other court ruling Plaintiff seeks to have reversed is a state court decision. Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction (authority) to review and reverse the state court's decision. Accordingly, Plaintiff's claim seeking to reverse the state court decision cannot proceed in this federal court and must be dismissed. To the extent Plaintiff seeks to have the state court decision reviewed, she must do so by filing a timely appeal from that decision in a state appellate court.

2.   Plaintiff's Claims against Defendants Estrada, Clifton, Payn, Navarro, and Takayama

Where a "federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker–Feldman* does not bar jurisdiction." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Here, in addition to seeking the have the state court judgment reversed, Plaintiff is also seeking monetary damages against Defendants Estrada, Clifton, Payn, Navarro, and Takayama for violation of Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure. The Fourth Amendment claim seeking monetary damages against these individual defendants is not challenging a legal injury caused by a state court judgment but is instead challenging the actions and alleged injury caused by these individual defendants. Accordingly, *Rooker-Feldman* does not preclude the exercise of jurisdiction over Plaintiff's Fourth Amendment claim against the individual defendants for money damages. *Noel*, 341 F.3d at 1163.

**C.**   ***Heck v. Humphrey***

Under the favorable termination rule laid out in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), to recover damages in a § 1983 action for an alleged constitutional violation that would necessarily imply that a criminal conviction or sentence is invalid, a plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. If the criminal conviction or sentence has not been reversed, expunged, or otherwise invalidated, claims that would necessarily imply the invalidity of the criminal conviction or sentence must be brought in a petition for writ of habeas corpus rather than through a § 1983 case. *See id; Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

Here, Plaintiff alleges that officers searched her apartment in violation of her Fourth Amendment rights, and that this search led to the discovery of evidence that was used against her in another court and resulted in that court ruling against Plaintiff. (ECF No. 1 at 5.) She seeks "dismissal" of this evidence. (*Id.* at 6.) It is unclear what type of ruling was issued against Plaintiff, but the ruling apparently resulted in Plaintiff's children being removed from Plaintiff's custody.

If the evidence seized from Plaintiff's apartment was used in a criminal proceeding, Plaintiff's Fourth Amendment claim may, if successful, necessarily imply that any resulting conviction or sentence was invalid. As a result, Plaintiff's Fourth Amendment claim may be barred *unless* Plaintiff can demonstrate that she was found not guilty, or that any criminal charges against her have been overturned or otherwise ended in her favor. *See Heck*, 512 U.S. at 486-87 (where success in § 1983 action would necessarily implicate the validity of plaintiff's conviction or the duration of her sentence, plaintiff must first achieve favorable termination of her underlying conviction or sentence).

On the other hand, if Plaintiff was not criminally charged and convicted in connection with the search and seizure of evidence seized from her apartment, it appears that the present action would not be barred by *Heck*'s favorable termination rule. *See Heck*, 512 U.S. at 487 (If the court "determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." (footnotes omitted)).

## V.      FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER

"In determining whether to dismiss [an action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan,* 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.

1999)).  Thus, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan,* 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. The Court found that the Complaint fails to state a claim and gave Plaintiff thirty days to file an amended complaint or notify the Court that she wished to stand on the Complaint. The thirty-day period has now passed, and the case is stalled due to Plaintiff's failure to file an amended complaint or to notify the Court that she wishes to stand on the Complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Although the Court has discretion to recommend dismissal with prejudice, given the lack of information regarding the relevant state court proceedings and the applicability of the above doctrines, the Court will recommend dismissal without prejudice. Accordingly, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan,* 291 F.3d at 643.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

## VI.   CONCLUSION AND RECOMMENDATIONS

The Court screened Plaintiff's complaint and recommends finding that it fails to state a claim under the relevant legal standards. Furthermore, Plaintiff has failed to comply with the screening order, which directed Plaintiff to file an amended complaint or notify the Court that she wishes to stand on the Complaint. Plaintiff has failed to timely file an amended complaint and has not otherwise prosecuted this action.

Accordingly, the Court HEREBY RECOMMENDS that:

1.  This action be DISMISSED, without prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted, failure to comply with a Court order, and failure to prosecute; and

2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 10, 2020**                    /s/ *Erica P. Grosjean*
_____
                                                 UNITED STATES MAGISTRATE JUDGE